

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00227-CR

_____

JACOB C. GEORGE, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1782565

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Pursuant to a charge bargain, Appellant Jacob C. George entered an open plea[1] of guilty to two counts of indecency with a child by sexual contact, three counts of aggravated sexual assault of a child, and three counts of sexual assault of a child. *See* Tex. Penal Code Ann. §§ 21.11(d), 22.011(a)(2), 22.021(a)(2)(B). Under that bargain, the State agreed to waive one count of continuous sexual abuse of a child under the age of fourteen. *See id.* § 21.02(b). This bargain is reflected in the trial court's certification of George's right of appeal, which shows that this is a plea-bargain case for which George has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2), (d)–(e).

On July 9, 2025, we notified George by letter that the trial court's certification of his right of appeal states that this is a plea-bargain case and that he has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2). We warned George that unless he filed a response showing grounds for continuing the appeal, this appeal could be dismissed. *See* Tex. R. App. P. 25.2(d), 44.3. George filed a response, but it does not show grounds for continuing this appeal.

---

[1]The term "open plea" is often utilized to refer to a myriad of different types of pleas that a defendant might enter, but it is sometimes a misnomer. *See Harper v. State*, 567 S.W.3d 450, 454 (Tex. App.—Fort Worth 2019, no pet.) (discussing the use of the term "open plea" in the various settings it has been used, interpreted, and reviewed and whether it should be used at all). Here, George entered his plea without the benefit of an agreement with the State regarding sentencing (a sentencing bargain). Rather, George's punishment was left for the trial court to decide. We use the term "open plea" in this case because that is how the plea is referred to in the trial court's written plea admonishments and in the trial court's judgments.

Because George waived his right of appeal as part of his charge bargain, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *Harper*, 567 S.W.3d at 454.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 7, 2025